# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONALD LIKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-1768 JCH |
| ) | |
| SCOTT DOWDY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Ronald Like filed a civil complaint brought under 42 U.S.C. § 1983, which was transferred to this Court from the U.S. District Court for the Western District of Missouri. When plaintiff filed his complaint in that Court, he also filed an "Affidavit in Support of Request to Proceed *In Forma Pauperis* – Prisoner Cases." ECF No. 2. The Court will construe the filing as a motion for leave to proceed *in forma pauperis*. Having reviewed the affidavit and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $15.85. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the request to proceed *in forma pauperis*, plaintiff submitted an inmate account statement showing average monthly deposits of $79.24. *See* ECF No. 3. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $15.85, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff, a federal pretrial detainee at Phelps County Jail, brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against seven defendants employed at the Jail: (1) Sergeant Scott Dowdy; (2) Sergeant Steve Lorts; (3) Corporal Ariel Hobb; (4) Corporal Timothy Alexander; (5) Lieutenant Matthew Schults; (6) Captain Rick Hope; and (7) Phelps County Jail Administrative Staff. Plaintiff brings his claims against the first six individual defendants in their individual capacity only.

Plaintiff's complaint is based on two main claims or issues: (1) an incident of alleged excessive force by Jail staff and (2) due process violations related to the handling of Jail grievances.[1] First, plaintiff alleges that on April 22, 2019, while incarcerated at the Phelps County Jail, he was attacked and tased by Jail staff. On that day, plaintiff was experiencing chest pain so he got the attention of Jail employee defendant Alexander from his pod window. When Alexander opened the pod door, Alexander yelled at plaintiff. Plaintiff states that he responded

---

[1] Plaintiff summarizes his claims as being brought under the "Due Process Clause, Deliberate Indifference, excessive force, [and] the Fifth Amendment." ECF No. 1 at 3. The Court interprets plaintiff's reference to the Fifth Amendment as part of his due process claim. However, plaintiff's only allegation regarding a claim of deliberate indifference is his statement that he was taken "to medical for treatment but the medical staff refused to treat my injuries." *Id.* at 8. Although plaintiff names the Jail "Administrative Staff" as a defendant, he does not name any Jail medical staff. Because the complaint does not name any defendant who refused to provide plaintiff with medical care, to the extent that plaintiff is attempting to raise a deliberate indifference to medical care claim, it fails.

by telling "him not to speak to me in that manner." ECF No. 1 at 7. Alexander directed plaintiff back to his cell and called for backup. Plaintiff alleges that he was then pushed across his cell and slammed to the floor, causing injuries to his head. Plaintiff claims that defendant Dowdy pinned him to the floor with assistance from defendants Alexander and Hobb. Then, defendant Lorts tased him. As a result of this incident, plaintiff claims that he has suffered swelling of the head, tenderness over his ribs and back, migraine headaches, dizziness, and psychological trauma.

Plaintiff also details four complaints involving grievance filings that he alleges show a violation of his due process rights and a violation of 28 C.F.R. § 40.7 (Minimum Standards for Inmate Grievance Procedures). Plaintiff filed two grievances about the alleged excessive force incident described above. ECF No. 1-1 at 3-4. The response to the first grievance (by a Jail employee not named as a defendant here) was "ok." *Id.* at 3. The response to the second grievance informed plaintiff that the grievance would be forwarded to defendant Lieutenant Schults. *Id.* at 4. Plaintiff complains that he has had no response from Schults. The second grievance issue is a complaint by plaintiff that he could not contact his attorney by phone because he was on disciplinary lockdown. ECF No. 1-1 at 2. In response, defendant Lorts directed plaintiff to contact his attorney via U.S. mail. The third grievance issue raised by plaintiff is that he requested a formal hearing regarding a filed grievance and has not received one. Finally, plaintiff complained by grievance filing of an inability to purchase envelopes due to a block on his canteen account. The response to the grievance (by a Jail employee not named as a defendant here) directs plaintiff to ask one of the shifts to let him "out to order paper." ECF No. 1-1 at 1.

For relief, plaintiff seeks compensatory and punitive damages.

## Discussion

### A. Excessive Force Against Defendants Dowdy, Lorts, Hobb, and Alexander

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). In order to prevail on an excessive force claim, plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force is unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (internal quotations and citations omitted). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citing *Kingsley*, 135 S. Ct. at 2473).

Plaintiff alleges that defendants Dowdy, Lorts, Hobb, and Lorts used excessive force against him when they attacked and tased him in April 2019. Plaintiff asserts that defendants were unreasonably rough and injured him when he was simply following instructions and going back into his cell. According to plaintiff, he was not actively resisting so there was no need for the amount of force used and there was no indication that the defendants tempered or limited the amount of force at all. There is no suggestion of a larger Jail security problem at the time and the resulting injuries alleged by plaintiff are serious ones. Having carefully reviewed and liberally construed plaintiff's pleading, the Court finds that plaintiff states an actionable claim against defendants Dowdy, Lorts, Hobb, and Lorts for excessive force. The Court will direct that

process be issued against defendants Dowdy, Lorts, Hobb, and Lorts in their individual capacities on plaintiff's claims of excessive force.

**B. Due Process Grievance Complaints against Defendants Schults**

Plaintiff complains that Lieutenant Matthew Schults has not responded to his grievance concerning the alleged incident of excessive force and tasing in April 2019. Plaintiff also complains of not receiving a requested grievance hearing and that he was unhappy with the grievance responses he received regarding attorney contact and purchasing envelopes.

To the extent that plaintiff seeks to hold Lieutenant Schults responsible for the handling of his grievances under 42 U.S.C. § 1983, plaintiff claim fails. It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Also, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). For these reasons, plaintiff's due process claims against defendant Schults fail to state a claim upon which relief may be granted.

**C. Defendants Captain Rick Hope and Phelps County Jail Administrative Staff**

Plaintiff fails to state a claim against defendants Captain Rick Hope and "Phelps County Jail Administrative Staff" because he never states any allegations against them in his complaint. Plaintiff fails to allege facts that show how any of these defendants is causally linked to, and

directly responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely lists these individuals as defendants without alleging, with any specificity, that they did anything to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

In addition, the complaint contains no information about "Phelps County Jail Administrative Staff" that would permit the identity of the specific Staff individuals to be ascertained. An action may only proceed against a party who is unnamed as long as the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the complaint does not contain any allegations that are sufficiently specific. These Administrative Staff defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Also, if plaintiff is seeking to bring due process claims regarding the handling of his grievances against these Administrative Staff defendants, this claim also fails because plaintiff has no substantive right in the Jail grievance process under § 1983. *See Buckley*, 997 F.2d at 495 (grievance procedure is procedural right only and does not confer substantive right on inmate).

As a result, the complaint is legally frivolous and fails to state a claim upon which relief may be granted as to defendants Captain Rick Hope and Phelps County Jail Administrative Staff.

### Appointment of Counsel

Finally, plaintiff has also filed a motion for appointment of counsel. ECF No. 7. Plaintiff asserts that he has very limited access to the Jail law library and he has no ability to investigate the facts of his case. However, there is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny without prejudice plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Affidavit in Support of Request to Proceed *in forma pauperis* [ECF No. 2], construed as a motion, is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.85 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Scott Dowdy, Steve Lorts, Ariel Hobb, and Timothy Alexander, with regard to plaintiff's allegations of excessive force.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Matthew Schults, Rick Hope, and Phelps County Jail Administrative Staff because, as to these defendants, the complaint is legally frivolous or fail to state a claim upon which relief can be granted, or both. Plaintiff's claims against defendants Matthew Schults, Rick Hope, and Phelps County Jail Administrative Staff are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 7] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 30th day of September, 2019.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE