# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| RONALD LIKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-01768 JCH |
| ) | |
| SCOTT DOWDY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss the Complaint for failure to prosecute and failure to cooperate in discovery, filed February 19, 2020. (Doc. No. 23). In support of their motion, Defendants assert that Plaintiff has failed to provide initial disclosures as required by the case management order entered in this case. (Doc. No. 21). Defendants also assert that Plaintiff has failed to provide the Court with an updated address where he may be reached, as required by Local Rule 2.06(B). *See* E.D. Mo. L.R. 2.06(B). Plaintiff failed to respond to Defendants' Motion to Dismiss the Complaint. Also before the Court is Defendants' Motion to Compel Initial Disclosures, (Doc. No. 22), to which Plaintiff likewise did not respond.

This Court entered an Order on March 18, 2020, in which it ordered Plaintiff to show cause as to why Defendants' Motion to Dismiss should not be granted, and advised Plaintiff that failure to comply with that Order within twenty-one (21) days would result in the dismissal of his cause of action. (Doc. No. 25). The Order to Show Cause was mailed to Plaintiff on the date it was entered. Plaintiff did not respond to the Order, and the correspondence mailed to Plaintiff was returned to the Court on April 2, 2020, marked as "Return to Sender—Unable to Forward." (Doc. No. 26).

"A district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if 'the plaintiff fails to prosecute or to comply with [the Federal Rules or] a court order." *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008) (quoting Fed. R Civ. P. 41(b)). The fact that a party is representing himself pro se does not excuse the party from complying with a court's orders, the Federal Rules of Civil Procedure, and other applicable rules of procedure. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (affirming rule 41(b) dismissal of action filed by pro se plaintiff who "willfully disregarded" a court order); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (pro se litigant must comply with relevant rules of procedure).

Rule 41(b) applies in this matter.  Plaintiff has failed to comply with this Court's case management order requiring Rule 26 disclosures, and has failed to timely respond to this Court's Order to Show Cause. Therefore, Defendants' Motion to Dismiss for failure to prosecute and for failure to cooperate in discovery will be granted, and Plaintiff's cause of action will be dismissed.  Defendants' Motion to Compel Initial Disclosures will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the Complaint is **GRANTED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Initial Disclosures is **DENIED** as moot.

Dated this 23rd day of April, 2020.

                                          /s/ Jean C. Hamilton_____
                                          JEAN C. HAMILTON
                                          UNITED STATES DISTRICT JUDGE